UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.C. DEVAR SANDERS, | ) | CASE NO. 5:24-cv-877 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Before the Court is Petitioner J.C. Sanders's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). For the reasons stated herein, the habeas petition is **DENIED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 2243.

**I.     BACKGROUND**

On April 25, 2022, a grand jury in the Summit County Court of Common Pleas indicted Petitioner on four counts: (i) felonious assault, in violation of Ohio Rev. Code §§ 2903.11(A)(2) and (D)(1)(a) (Count One); (ii) failure to comply with an order or signal of a police officer, in violation of Ohio Rev. Code §§ 2921.331(B) and (C)(5)(a)(ii) (Count Two); (iii) having weapons under disability, in violation of Ohio Rev. Code §§ 2923.13(A)(2) and (B) (Count Three); and (iv) aggravated menacing, in violation of Ohio Rev. Code §§ 2903.21(A) and (B) (Count Four). *See State of Ohio v. Sanders*, No. CR-2022-04-1359 (Summit Cty. Ct. Com. Pl.). Count One (felonious assault) also included a firearm specification and a repeat violent offender specification under Ohio Rev. Code §§ 2941.145(A) and 2941.149(A), respectively. *See id.*

On May 16, 2024, Petitioner, proceeding *pro se*, filed the instant § 2241 habeas petition seeking to challenge his pretrial detention in CR-2022-04-1359. (Doc. No. 1). Petitioner raises

1

four grounds for relief: (i) Petitioner's Fourth Amendment rights were violated when he was arrested, a house was searched, and his car was seized, all without a warrant; (ii) Petitioner's Fourteenth Amendment rights were violated because he was placed on home confinement and GPS monitoring for two years without due process; (iii) Petitioner's Sixth Amendment right to a speedy trial was violated; and (iv) the prosecutor has engaged in misconduct by withholding and manufacturing evidence. (*Id.* at PageID #6–8). For relief, Petitioner seeks release from custody and the dismissal of the state criminal charges. (*Id.* at PageID #8).

The docket for CR-2022-04-1359 reflects that: (i) the jury trial started on May 29, 2024 and concluded on June 4, 2024; (ii) Petitioner failed to appear for the final day of trial; (iii) on June 4, 2024, the jury returned a guilty verdict on all four counts of the indictment, as well as the firearm specification on Count One; (iv) after the reading of the jury verdict, the trial court found Petitioner guilty on the repeat violent offender specification on Count One; and (v) Petitioner's bond was revoked and a warrant remains active for his arrest. *See State of Ohio v. Sanders*, No. CR-2022-04-1359 (Summit Cty. Ct. Comm. Pl.).

**II.      LAW AND ANALYSIS**

Federal district courts conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). Upon review, the Court finds that the instant habeas petition must be denied.

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). However, even though a state pretrial detainee may petition for habeas relief pursuant to § 2241, such claims are "rare" and "extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). In fact, the Sixth Circuit has limited the consideration of such claims to only three exceptional circumstances:

> (1) when the petitioner seeks a speedy trial, [*Atkins v. Michigan*, 644 F.2d 543, 546–47 (6th Cir. 1981)]; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other ground*s, 492 U.S. 902, 109 S. Ct. 3208, 106 L. Ed. 2d 559 (1990).

*Evil v. Whitmer*, No. 1:20-cv-343, 2020 U.S. Dist. LEXIS 70653, at *7 (W.D. Mich. Apr. 22, 2020); *see also Sanchez v. Greene*, No. 4:20 CV 882, 2020 U.S. Dist. LEXIS 100591, at *2-3 (N.D. Ohio June 9, 2020) (quoting *Evil*, 2020 U.S. Dist. LEXIS 70675, at *7); *Eagan v. Carl*, No. 2:16-CV-155-WOB, 2016 U.S. Dist. LEXIS 148723, 2016 WL 6403152, at *5 (E.D. Ky. Oct. 27, 2016) ("There are only two generally recognized claims available to state pretrial detainees in a § 2241 habeas corpus proceeding-denial of the right to a speedy trial and double jeopardy-based allegations.").

Here, Petitioner only raises one claim in his habeas petition that is recognized as cognizable in a § 2241 proceeding—a violation of his right to a speedy trial under the Sixth Amendment. (ECF No. 1, PageID #6–8). But the Court can only consider a pretrial speedy trial claim if the petitioner: (i) exhausted all state court remedies; and (ii) requests an order compelling the state to grant him a speedy trial, instead of dismissal of the criminal case. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–90, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *Smith v. Burt*,

3

No. 19-1488, 2019 U.S. App. LEXIS 22193, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) ("[R]elief is typically limited to forcing the state to bring the petitioner to trial, not to dismiss the underlying charges outright. Here, the district court correctly denied relief to the extent [the petitioner] sought to dismiss the state charges outright." (citations omitted)); *Atkins*, 644 F.2d at 546–47; *cf Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011). First, Petitioner has not sufficiently demonstrated that he has exhausted all state-court remedies related to his speedy trial claim on the face of the instant petition. Second, Petitioner does not request an order compelling the State to bring him to trial, but instead seeks relief which the Court cannot grant—dismissal of the criminal charges in CR-2022-04-1359. Finally, the state court record reflects that the jury trial has already commenced and concluded. Thus, any request for pretrial relief relating to the alleged speedy trial violation has been rendered moot.

Accordingly, the Court must deny the instant petition and dismiss this action. Petitioner may raise the same grounds that he presented in the instant petition, and any other constitutional claims relating to his conviction and sentence, in a habeas petition under 28 U.S.C. § 2254, once a judgment of conviction and sentence has been entered in the state court proceeding and he has subsequently exhausted all state-court remedies.

### III. CONCLUSION

For the foregoing reasons, the petition (ECF No. 1) is **DENIED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 2243. Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**